FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 1 0 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

LEONARD STEINMETZ

        Plaintiff,

        v.

KALLO INC.
a/k/a DIAMOND TECHNOLOGIES INC

        Defendants.

-------------------------------------------------------------------x

Case No.

# CV 11 - 1133

**COMPLAINT**

IRIZARRY, J.

POLLAK. M.J

Plaintiff Leonard Steinmetz by his attorneys, Garson, Segal, Steinmetz, Fladgate LLP as and for his complaint against Defendant Kallo Inc. a/k/a Diamond Technologies Inc, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for; *inter alia*, anticipatory breach of contract, unjust enrichment, and quantum merit as a result of Defendants flagrant breach of the contract between the parties. The contract validly executed by all parties, clearly sets forth that Plaintiff would be the principal financial officer of Kallo Inc. a/k/a Diamond Technologies Inc ("Kallo Inc.") with a minimum salary of $150,000 a year for a minimum of five years. Nonetheless, after the contract was signed and after Plaintiff had completed his duties for 10 months, Defendant unilaterally and unjustly breached the contract by withholding payment, by not allowing access to financial data necessary for Mr. Steinmetz to complete his work, and by seeking to "cancel" the contract, thus necessitating the instant action.

1

## PARTIES

2.      Plaintiff Leonard Steinmetz, at all relevant times, is and was a New York State citizen residing at 312 Ave J Brooklyn New York 11230.

**3.**      Upon information and belief, Defendant Kallo Inc. a/k/a Diamond Technologies Inc. hereinafter ("Kallo Inc."), at all relevant times, is and was a Nevada corporation, with its registered agent located at 311 S. Division Street, Carson City, NV 89703.

## JURISDICTION AND VENUE

4.      This is an action in excess of $75,000, exclusive of interest, costs and attorneys fees.

5.      Plaintiff is a citizen of New York.

6.      Defendant is a citizen of the State of Nevada.

7.      This Court has original jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, because the matter in controversy is between citizens of the State of New York and the State of Nevada and exceeds the sum or value of $75,000 exclusive of interests and costs.

8.      There is complete diversity of citizenship.

**9.**      Venue is properly founded in the Eastern District of New York pursuant to 28 U.S.C. § 1391(a)(2) and (3).

## FACTS COMMON TO ALL CLAIMS

10.      Plaintiff Mr. Steinmetz has been an executive at various multimillion-dollar corporations for over 20 years.

2

11.     Defendant Kallo, Inc. is a business focusing on medical software and has been operating for about 5 years.

12.     On or about December 29, 2009 Mr. Steinmetz was asked to sit on the Board of Directors of Kallo Inc. and was promised $35,000 a year compensation therefore.

13.     In or around March of 2010, Kallo Inc. approached Plaintiff to discuss hiring Plaintiff on a permanent basis to act as chief financial officer for Kallo Inc.

## THE EMPLOYMENT AGREEMENT

14.     On or around April 5, 2010, Mr. Steinmetz and Defendant entered into a employment agreement (the "Employment Agreement").

15.     The Employment Agreement hired Mr. Steinmetz for a period of 5 years. The Employment Agreement also renews automatically for additional 1 year periods unless 90 days written notice is provided prior to date of renewal.

16.     The Employment Agreement provided that Kallo Inc. would compensate Mr. Steinmetz $150,000 for the first year of employment with a raise of 10% for every year thereafter.

17.     The Employment Agreement states that it will be governed under the laws of New York State.

18.     Pursuant to the Employment Agreement, Plaintiff expanded significant efforts into managing the financial health of Kallo Inc.

19.     Defendants were satisfied with Plaintiffs efforts and continued to request that Mr. Steinmetz function in his intended capacity.

3

20.     On multiple occasions since November 2010, Mr. Steinmetz, emailed John Cecil, CEO of Kallo Inc., and requested the necessary documents to complete his work under the Employment Agreement.

21.     On or about November 24, 2010, without any warning or justification, John Cecil, asked Mr. Steinmetz to return his Employment Contract.

22.     Since November of 2010, Defendant has refused to cooperate with Mr. Steinmetz in his efforts to properly manage the financial health of Kallo Inc.

23.     Defendant has not paid any of the $150,000 minimum salary due to Mr. Steinmetz under the Employment Agreement.

24.     If Kallo Inc. unlawfully breaches the Employment Agreement, the full five years of compensation is due and owing.

25.     As a result of Defendants anticipatory and actual breach of the Employment Agreement, the minimum 5-year salary is now due and owing to Plaintiff.

26.     The minimum salary for years with a 10% increase every year over 5 years is $915,765.

27.     Despite repeated demands, Defendant has refused to pay the $150,000 a year salary and that is owed to Plaintiff pursuant to the Employment Agreement.

28.     Defendant has not paid $915,765 representing the 5 years of salary that is owed to Plaintiff pursuant to the Employment Agreement.

## FIRST CAUSE OF ACTION:

## BREACH OF CONTRACT

28.     Plaintiff Mr. Steinmetz repeats and reasserts the allegations contained in Paragraphs 1 through 27 of the Complaint as if set forth fully herein.

29.     The Employment Agreement constitutes a valid and enforceable contract between Mr. Steinmetz and Kallo Inc. Mr. Steinmetz has performed all of his material obligations under the Employment Agreement.

30.     Defendant has breached the terms of the Employment Agreement by failing to pay the salary due to Mr. Steinmetz.

31.     As a result, Plaintiff Mr. Steinmetz has been harmed and thus Plaintiff is entitled to damages as set forth below.

## SECOND CAUSE OF ACTION:

## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

32.     Plaintiff Mr. Steinmetz realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

33.     By failing to pay Mr. Steinmetz the salary and committing a material breach of the Employment Agreement, the Defendant has failed to observe the reasonable commercial standards of fair dealing in the industry.

34.     The Defendant has not taken reasonable efforts towards meeting its' contractual obligations under the Employment Agreement.

35.     The Defendant has taken affirmative steps to frustrate the fruition of plaintiff's contractual rights.

5

36.     The Defendant has failed to effectuate the contractual intentions of the contracting parties by failing to meet their contractual obligations and by failing to pay the money owed to Plaintiff.

37.     By failing to meet its' contractual obligations, even though Plaintiff has fulfilled its contractual duties, the Defendant has injured and prejudiced the rights of the Plaintiff.

38.     The Defendant therefore breached the covenant of good faith and fair dealing under the Employment Agreement, and Plaintiff is entitled to damages as set forth below.

## THIRD CAUSE OF ACTION:

## UNJUST ENRICHMENT

39.     Plaintiff Mr. Steinmetz realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

40.     The Defendant has received and kept sums of money rightfully belonging to the Plaintiff, and have furthermore profited from Plaintiffs work without paying Plaintiff just compensation.

41.     As a result of Defendants' actions, the Defendant has become unjustly enriched with money rightfully belonging to Plaintiff

42.     As a direct and proximate result of their unlawful acts, the Defendant has been unjustly enriched, and Plaintiff has suffered economic loss by virtue of Defendants' conduct.

6

43.     The Defendant has been unjustly enriched, and thus Plaintiff is entitled to damages as set forth below.

## FOURTH CAUSE OF ACTION:

### QUANTUM MERIT

44.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

45.     Plaintiff provided services to Defendant by expanding significant efforts and resources into acting as CFO for the business.

46.     Plaintiff provided the aforementioned brokerage services at Defendant's request, with Defendant's knowledge, and with the understanding that Plaintiff would be paid a salary for his efforts.

47.     The fair and reasonable value of Plaintiffs CFO services is $150,000.

48.     Defendant failed to pay Plaintiff the $150,000 that is due and owing, although payment of the entire amount has been demanded by Plaintiffs.

49.     Plaintiff is entitled to judgment against Defendants, jointly and severally, for the value of the services provided to Defendant, but not paid for, for in an amount to be determined at trial, but for no less than $150,000 plus prejudgment interest, costs, and legal fees to enforce as set forth more fully below.

WHEREFORE, Plaintiff   prays judgment as follows:

7

1. Plaintiff demands judgment against defendants for statutory, actual, compensatory, consequential, punitive and incidental damages in an amount to be determined at trial, together with costs of the action, including attorney's fees; and

2. An award of costs and pre-judgment and post-judgment interest; and

3. Such other and further relief as the court may deem just and proper.


Dated: New York, New York

March 7, 2011

Michael M. Steinmetz Esq.
Garson, Segal, Steinmetz, Fladgate LLP
164 West 25th St. 11R
New York, NY 10001
(P) 212-380-3623
(F) 347-537-4540